UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

      v.                                          02-cr-381

ROBERT STELLE,

                              Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **DECISION and ORDER**

        In 2003, Defendant was convicted in this Court and sentenced to a term of imprisonment, followed by a term of supervised release. While on supervised release, on May 16, 2007, Defendant was arrested on a New York State charge for the criminal sale of a controlled substance. On May 29, 2007 (after Defendant's arrest), a Warrant for the Arrest of a Supervised Releasee was issued by this Court. On June 3, 2007, Defendant was convicted in state court and sentenced to a term of imprisonment. On June 4, 2007, while Defendant was incarcerated in the Schenectady County Jail as a result of the state charges, a Violation of Probation and/or Supervised Release was lodged with the Schenectady County Jail.

        Defendant now moves to dismiss the supervised release violation pending against him on due process grounds. Defendant contends that the fact that he has not been brought before the Court on the probation violation since the warrant was issued in 2007 violates his due process rights. The basis of Defendant's motion is that he is currently incarcerated in a

state correctional facility, a detainer was issued in 2007 on the basis of his supervised release violation, there have been no further proceedings on the supervised release violation, he should have been brought before this Court in a timely manner, and, as a result of the pending detainer, he is ineligible for a work release program.

Federal Rule of Criminal Procedure 32.1 provides that "[a] person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge." "Due process requires that a person accused of violating parole or probation receive a revocation hearing 'within a reasonable time after [the person] is taken into custody.'" United States v. Wall, 208 F.3d 204 (2d Cir. 2000) (unpublished) (quoting Morrissey v. Brewer, 408 U.S. 471, 488 (1972) (parole revocation) and citing Gagnon v. Scarpelli, 411 U.S. 778, 782 (1973) (applying the holding of Morrissey to revocation of probation)). The law is clear, however, that the time under Rule 32.1 does not start to run until the defendant is taken into custody *on the supervised release violation*. "Placing a detainer against a parolee who has been arrested on an intervening charge does not constitute execution of the warrant." Health v. United States Parole Comm'n, 788 F.2d 85, 91 (2d Cir. 1986); see Prescott v. U.S. Parole Comm'n, 1990 WL 34698 (E.D.N.Y. 1990). Thus, where, as here, the defendant is incarcerated in a state prison for a separate crime, the defendant is not in federal custody and he is not "in custody for violating probation or supervised release." See Rule 32.1(a)(1). Because Defendant was never taken into federal custody on the warrant and is not "in custody for violating probation or supervised release," he has suffered no constitutional violation and his motion must be DENIED. See Wall, 208 F.3d 204; McCaskill-Knight v. United States, 2006 WL 3290968 (S.D.N.Y. 2006).
IT IS SO ORDERED.

Dated:November 17, 2009

_____
Thomas J. McAvoy
Senior, U.S. District Judge